# Baker, Appellant, v. Bailey.

*Ejectment—Equitable ejectment—Res adjudicata.*

An equitable ejectment against the holders of a legal title based upon an agreement alleged to have created a trust to the plaintiff, is res adjudicata by a prior ejectment by the holders of the legal title against the plaintiff, in which the defense was based upon the same alleged trust relied upon by the plaintiff in the second ejectment.

*Mortgage—Trust—Redemption—Purchase of paramount title.*

Where a written mortgage is made to secure future advances, but no time of repayment is mentioned, the holders of the mortgage are not bound to wait indefinitely, but they may file a bill calling upon the mortgagor to redeem within such time as equity shall decree, or to permit a sale and liquidation. They may also purchase the legal title at a sheriff's sale under a paramount incumbrance, and if they do so, and the mortgagor makes no counter move for fourteen years, he is without remedy.

Argued Nov. 3, 1902. Appeal, No. 34, Oct. T., 1902, by plaintiffs, from judgment of C. P. No. 1, Allegheny Co., March T., 1900, No. 82, on verdict for defendant in case of Millard F. Baker, Charles Baker, Edward Baker, Henry Baker, Maggie Baker, Hattie E. Baker, Ada Baker, Georgia A. Baker and Frank Baker v. Austin L. Bailey and Frank A. Bailey, Executors of Madison Bailey, Deceased, Virginia H. Bailey, Annie H. Moore, Austin L. Bailey, Frank A. Bailey and Madison Bailey, Jr. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for land in Neville township. Before STOWE, P. J.

At the trial a verdict was rendered for plaintiff subject to questions of law reserved. Subsequently STOWE, P. J., entered judgment for defendants non obstante veredicto in an opinion in which he stated the facts and issues as follows :

This is an action of ejectment in which it is admitted that the title to the land in dispute was in Peter Baker in 1875 (both parties claiming under him), subject to a mortgage given by one T. W. Briggs, a former owner, to Mrs. E. Y. Patterson for $9,000, and dated January 7, 1873.

A scire facias was issued on this property at No. 543, September term, 1887, and on a lev. fa. No. 207, June term, 1880, of this court, the property was sold by the sheriff to Mrs. Patterson for $50.00. In June, 1880, Mrs. Patterson sold the property to Thomas Fawcett and Madison Bailey, but previous to this and before the sheriff's sale on the scire facias and purchase by Mrs. Patterson, Fawcett and Bailey, at the solicitation of Peter Baker, the then owner of the property, agreed verbally with him that they would advance the money to pay Mrs. Patterson the amount of her mortgage and take a deed from her for the land and hold the title for his benefit, and as security for the money thus advanced, until it could be sold and Fawcett and Bailey were paid for all moneys advanced by them, the balance should belong to Baker. Under this arrangement, to which Mrs. Patterson agreed, the property was sold to her as stated, and by her conveyed to Fawcett and Bailey, who paid some money and gave their mortgage on the property to her for the balance, which they subsequently paid. After this purchase

by Mrs. Patterson and when the transfer of the property to Fawcett and Bailey was in process of execution, Fawcett, Bailey being present and apparently assenting thereto, stated that they were doing this entirely for the benefit of Baker and in pursuance of the agreement previously entered into by the several parties, signed and delivered (as the jury have found), a written memorandum, in substance and effect as follows, viz: "It recites the sale of this property by Mrs. Patterson to Fawcett and Bailey, that they were taking it in trust for Peter Baker, that same was for the benefit of Baker, and was held by them for him, and that upon a sale of it, all moneys over and above what it cost them should go to him." Baker was allowed to remain in possession of the property after this until July 30, 1888, when he was turned out by the sheriff at the suit of Fawcett and Bailey.

In the meantime Mrs. Patterson, at the instance of Fawcett, proceeded under their mortgage to her, and had judgment and execution thereon against them for $5,876.62, and interest thereon from November 22, 1882, at No. 164, March term, 1883, and at the sheriff's sale on said execution W. M. Watson, Esq., attorney for Fawcett and Bailey, bought in the property for $6,200, had deed made to him, and on June 7, 1883, conveyed one undivided half thereof to Fawcett for the consideration of $1.00, and the other half to Bailey for a like consideration. Subsequently they had a habere facias issued at No. 25, October term, 1886, and Baker was turned out of possession by the sheriff on the date above stated. While Baker was in possession he paid the taxes on the property and also some $2,200, of the principal debt due Mrs. Patterson on the mortgage of Fawcett and Bailey. The evidence shows that in 1883, Baker procured a person willing to purchase the property, but Fawcett and Bailey refused to sell, alleging that $14,000, the amount offered, was not enough by some $6,000. The purpose of Bailey and Fawcett in getting Mrs. Patterson to proceed and bring suit upon the mortgage was to get rid of any trust that might exist under the arrangement between them and Baker. The evidence further shows that in 1899, the property in suit was bought under an agreement with the American Land Company from Madison Bailey's heirs and Austin L. Bailey, grantee of Thomas Fawcett, and deed was made therefor on January 16,

1900, for the consideration of some $80,000 or $85,000. At the time the agreement for the purchase was entered into this suit had not been brought, and nothing appeared upon the abstract of title furnished the counsel for the company except the old ejectment at No. 619, January term, 1885, Bailey and Fawcett v. Peter Baker, the ancestor of plaintiffs, and proceedings thereunder by which Baker was dispossessed and the property delivered to Bailey and Fawcett. After the agreement for the purchase of the property, but before the execution of the deed, counsel for the company was notified by Mr. Stone, counsel for the present plaintiffs (the heirs of Peter Baker) that they claimed title to the property, he made no mention of any writing exhibiting the trust, and referred the counsel for company to Mr. Baker's answer in the prior ejectment for information as to what Baker's claim was. An examination of this did not indicate that the agreement was in writing, and counsel therefore concluded it was merely in parol and passed the title.

The defense to this state of facts consists (after a denial that the said arrangement was in writing, which the jury found against the defendants in this case) of several propositions of law going to the foundation of plaintiff's right to recover in this suit, viz :

1. That in an ejectment between the same parties or their privies for the same land there was a verdict and judgment for plaintiffs (defendants in this action) which is a bar to this suit.

2. That this action, being an equitable ejectment, plaintiffs in this suit under the uncontroverted evidence are barred by laches.

3. That the uncontroverted evidence, showing Fawcett and Bailey, under whom defendants claim title, acquired title through their attorney, Watson, at sheriff's sale upon a paramount incumbrance, and subsequently brought an action of ejectment against Baker, recovering title to the premises and issued a writ of hab. fa. and recovered possession thereof in July, 1886, said action was a repudiation of any trust in favor of Baker and that any trust relation that might thereafter be claimed to exist, could only be a " constructive trust " and the same never having been acknowledged in writing, was barred after the expiration of five years.

4. That there being no evidence that the plaintiffs have ever

tendered defendants the amount of money advanced by them, or have in court the same ready to be paid in case there is a verdict for plaintiffs, they are not entitled to recover, and the verdict should be for defendants.

*Error assigned* was the judgment of the court.

*M. A. Woodward,* with him *L. P. Stone* and *Frank C. Mc-Girr,* for appellant.—This case was not adjudicated by the former ejectment: Lewis v. Morgan, 11 S. & R. 234; Lehr v. Beaver, 8 W. & S. 102; Taylor v. Abbott, 41 Pa. 352; Schwan v. Kelly, 173 Pa. 65; Boyce v. Grundy, 3 Peters, 210; Burnham v. Webster, 1 W. & M. 172; Greely v. Smith, 1 W. & M. 181; Foster v. The Richard Busteed, 100 Mass. 409.

Laches should not be imputed upon any principle of estoppel, under such a state of circumstances, as appears in this case: White v. Patterson, 139 Pa. 429; Hammond v. Hopkins, 143 U. S. 224 (12 Sup. Ct. Repr. 418); Prevost v. Gratz, 6 Wheaton (U. S.), 481.

*Thomas Patterson,* with him *E. Z. Smith, James R. Sterrett* and *M. W. Acheson, Jr.,* for appellees, cited on the question of res adjudicata: German-American Title & Trust Co. v. Shallcross, 147 Pa. 485; Seitzinger v. Ridgway, 9 Watts, 496; Winpenny v. Winpenny, 92 Pa. 440; Meyers v. Hill, 46 Pa. 9.

Cited on the question of laches: Piersol v. Neill, 63 Pa. 420; Porter v. Dougherty, 25 Pa. 405; Russell v. Baughman, 94 Pa. 400; Derr's Estate, 203 Pa. 96; Gore v. Kinney, 10 Watts, 139.

OPINION BY MR. JUSTICE MITCHELL, January 5, 1903:

Appellants' claim in the present suit is upon an equitable title growing out of the agreement made concurrently with the conveyance by Mrs. Patterson to Bailey and Fawcett in June, 1880. By the conveyances and proceedings set out in appellants' abstract the legal title is admitted to be in appellees and no other equity is asserted against it but that arising from the agreement.

Turning now to the ejectment by Bailey and Fawcett in 1885 against Peter Baker, it is clear as held by the learned judge below, that the title involved there was the same as that involved here.

That was an ejectment by the holders of the legal title under the conveyances down to and including that by Mrs. Patterson to the plaintiffs Bailey and Fawcett. The defense after a general denial of " the validity and legality of the proceedings in Common Pleas of September term, 1877," etc. (resulting in the sheriff's sale to Mrs. Patterson), set up further that " should it appear otherwise on trial, still the plaintiffs hold the title subject to the defendants' right to hold, occupy and possess the premises as set forth in his sworn statement filed herewith." The sworn statement thus referred to and made part of the abstract of title, set up an agreement that Bailey and Fawcett took and held the title for the benefit of the defendant Baker and only to secure themselves the repayment of the money advanced to assist him. It was not stated expressly that the agreement was in writing but with this exception the agreement does not differ in any material respect from that sued upon now, and there is no claim that there was ever more than one agreement between the parties upon the subject. That the defense was not developed fully, if at all, at that trial does not affect the force of the judgment. It was indicated and could have been made fully under the pleadings and was therefore concluded. The issue between the parties was identical in the two actions, the validity of the same equity against the same legal title, and the verdict and judgment in the first were a final adjudication and a bar to the present effort for further contest.

The judgment of the court below was also correct on the other ground. It is admitted that Bailey and Fawcett, under the agreement took title as security for the repayment of money advanced by them for the assistance of Baker. They claimed that it was a mere parol mortgage, but Baker claimed and the jury have now found that the agreement was in writing. It was therefore a mortgage to secure advances but with no time of repayment agreed. They were not bound to wait indefinitely, but could have filed a bill calling upon Baker to redeem within such time as equity should decree, or to permit a sale and liquidation. A decree in either form would have ended the trust. Instead of pursuing this course, however, they chose to proceed upon a subsequently acquired legal title. The agreement was made in June, 1880, at which date they gave their mortgage to Mrs. Patterson. In 1882, Mrs. Patterson sued out her mortgage and

title under the judicial sale came again to Bailey and Fawcett who then brought ejectment and recovered judgment and were put in possession by the sheriff in July, 1885. This was not a mere recovery of possession as mortgagee or trustee for Baker, for under the agreement Baker was to remain in possession. It was a clear repudiation of any further trust under the agreement and the assertion of title as purchasers at sheriff's sale under a paramount incumbrance. Baker and his successors, the appellants made no counter move for fourteen years. It was then too late: Bruner v. Finley, 187 Pa. 389.

Judgment affirmed.